IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GARRON GONZALEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 2:25-cv-02738-SHL-atc |
| | ) |
| WARDEN HARRISON, | ) |
| | ) |
| Respondent. | ) |

**ORDER DISMISSING PETITION PURSUANT TO 28 U.S.C. § 2241 FOR LACK OF SUBJECT MATTER JURISDICTION, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On July 21, 2025, Petitioner Garron Gonzalez, BOP register number 11688-059, an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"), filed a *pro se* petition pursuant to 28 U.S.C. § 2241 (ECF No. 2) and paid the filing fee (ECF No. 4).

I. BACKGROUND

A jury found Gonzalez guilty of one count of attempted sexual exploitation of minors, in violation of 18 U.S.C. §§ 2251(a) and 2251(e), in the United States District Court for the Western District of North Dakota. (*See* ECF No. 2 at PageID 1; *see United States v. Gonzalez*, No. 1:11-cr-00042-DLH-1 (W.D.N.D., ECF No. 107.) The trial court sentenced Petitioner to 300 months in prison, with credit for time served, to run consecutively to his North Dakota state sentence imposed in Case No. 08-03-K2928, to be followed by 20 years supervised release. (*Id.*)

On appeal, Gonzalez challenged the trial court's decision to allow the jury to listen to an audio recording that was admitted in evidence but not played at trial. (*Id.*, ECF No. 131-1.) On June 27, 2016, the United States Court of Appeals for the Eighth Circuit affirmed. (*Id.*)

On August 18, 2017, Gonzalez filed a motion to vacate his federal sentence under 28 U.S.C. § 2255, alleging claims of ineffective assistance of counsel, *Brady* violations, Fourth Amendment violations, and prosecutorial misconduct. (*Id.*, ECF No. 154.) On May 15, 2018, the court denied § 2255 relief. (*Id.*, ECF No. 171.)

Gonzalez filed a motion to amend judgment on June 12, 2018 (*id.*, ECF No. 173), and a motion to alter judgment on July 2, 2018 (*id.*, ECF No. 175). On August 7, 2018, the court denied relief. (*Id.*, ECF No. 179.) After Gonzalez appealed (*id.*, ECF No. 180), the Eighth Circuit denied the application for a certificate of appealability and dismissed the appeal (*id.*, ECF No. 184).

On November 1, 2019, Gonzalez filed a motion for relief from judgment. (*Id.*, ECF No. 186.) On January 6, 2020, the court denied relief. (*Id.*, ECF No. 190.) On July 21, 2020, he filed a second motion for relief from judgment. (*Id.*, ECF No. 193.) On August 26, 2020, the court denied relief. (*Id.*, ECF No. 195.)

On November 30, 2020, Gonzalez filed a motion for the return of property seeking return of two seized cell phones. (*Id.*, ECF No. 198.) On December 28, 2020, he filed a motion for release of the grand jury transcript. (*Id.*, ECF No. 201.) On January 5, 2021, the Court denied the motion for the return of property. (*Id.*, ECF No. 203.) On February 8, 2021, Gonzalez filed a motion for reconsideration. (*Id.*, ECF No. 206.) On February 20, 2021, the Court denied the motion for release of the grand jury transcript and the motion for

reconsideration. (*Id.*, ECF No. 209.) On appeal, the Eighth Circuit affirmed. (*Id.*, ECF No. 216.)

## II. THE HABEAS PETITION

Gonzalez asserts that, because his state post-conviction petition resulted in his resentencing in state court, the search conducted during the "unlawful term of [his state] probation" that resulted in his federal charges was unlawful and, as such, there was "no information or reason" for him to be charged in the United States District Court. (ECF No. 2 at PageID 8–14.) He seeks to have this Court overturn his federal conviction, order his immediate release, or grant him a new trial and appoint counsel to represent him. (*Id.* at PageID 10.)

## III. ANALYSIS

Gonzalez asserts that the evidence used to convict him in federal court was "seized in an unlawful probation STATE search[.]" (ECF No. 2 at PageID 3.) He asserts that "this information" became available to him because of the correction of an "illegal state sentence." (*Id.*) According to Gonzalez, he has not filed a motion in the United States Court of Appeals seeking permission to file a second or successive § 2255 motion and that the remedy under § 2255 is inadequate or ineffective because it is time-barred. (*Id.* at PageID 5,7.)

"A district court has no jurisdiction over an application for habeas under [§] 2241 if the petitioner could seek relief under [§] 2255, and either has not done so or has done so unsuccessfully. The only escape route is the saving clause." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021). The "saving clause" in § 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him

3

relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Courts construing this language "have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under . . . § 2255, and that claims seeking to challenge the execution or manner in which [his] sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under . . . § 2241." *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (per curiam) (internal citations omitted); *see United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (stating that § 2255 "is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served").

To reach the saving clause, Petitioner has the "burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756. "The circumstances in which § 2255 is inadequate and ineffective are narrow." *Peterman*, 249 F.3d at 461. The Sixth Circuit noted in *Charles* that "the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." 180 F.3d at 756 (citations omitted). The saving clause covers unusual circumstances where it is impossible or impracticable to seek relief from the sentencing court, such as the court's dissolution or the prisoner's inability to be present at a hearing. *See Jones v. Hendrix*, 599 U.S. 465, 474–75 (2023).

Here, Gonzalez attacks the validity of the sentence imposed. (ECF No. 2 at PageID 5.) He alleges that the § 2255 remedy is inadequate or ineffective because he claims the remedy is

4

time-barred.  (*Id.* at PageID 7.)  However, although he has attempted to obtain relief from his federal conviction and sentence under § 2255, he has not sought permission to file a second or successive § 2255 motion from the Eighth Circuit Court of Appeals.

Gonzalez has not shown that a § 2255 motion would be "inadequate or ineffective to test the legality of his detention," such that the saving clause of § 2255(e) would apply.  In *Jones*, 599 U.S. at 465, the Supreme Court held that the inability of a prisoner to satisfy § 2255(h) does not permit a prisoner to circumvent the restrictions on second or successive § 2255 motions by filing a § 2241 petition.  That is what Gonzalez seeks to do here.

Because Gonzalez fails to meet his burden of showing that § 2255(e)'s saving clause applies, the Court is without jurisdiction to address the merits of the petition as it relates to his federal sentence under § 2241.  *See Taylor*, 990 F.3d at 499.[1]

## IV. CONCLUSION

The § 2241 Petition is **DISMISSED** for lack of subject matter jurisdiction.

## V. APPEAL ISSUES

Federal prisoners who file petitions under 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1).  *Durham v. U.S. Parole Comm'n,* 306 F. App'x 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("[A] federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); *see Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require

---

[1] This Court is not the sentencing court for Gonzalez's federal conviction and has no jurisdiction to resolve issues concerning the imposition of Petitioner's federal convictions and sentence.  *See* 28 U.S.C. §§ 2255(a) & (h).  Gonzalez would have to seek authorization from the Eighth Circuit to proceed with his claim.

5

a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $605 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). But Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must move to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

For the reasons explained in the section above, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Federal Rule of Appellate Procedure 24(a) that any appeal here would not be taken in good faith, and the Court **DENIES** Petitioner leave to appeal *in forma pauperis*.

**IT IS SO ORDERED** this 29th day of July, 2025.

                s/ Sheryl H. Lipman
                SHERYL H. LIPMAN
                CHIEF UNITED STATES DISTRICT JUDGE